UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IOAN SAS, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Civil Action No._____ |
| v. ) | |
| ) | |
| BLATT, HASENMILLER, ) | |
| LEIBSKER & MOORE, LLC ) | |
| and PALISADES ACQUISITION ) | |
| XVI, LLC, ) | |
| ) | |
| DEFENDANTS. ) | |

## COMPLAINT

Plaintiff, Ioan Sas, brings this action to secure redress from unlawful credit and collection practices engaged in by Defendants Blatt, Hasenmiller, Leibsker & Moore, LLC, and Palisades Acquisition XVI, LLC. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## VENUE AND JURISDICTION

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. §§ 1331, 1337, and 1367, as Defendants do business in the State of Illinois.

2. Venue in this District is proper because Defendants' collection demands were received here, both Defendants transact business here, and Blatt, Hasenmiller, Leibsker, & Moore LLC resides and transacts business here.

## PARTIES

3. Plaintiff, Ioan Sas, ("Plaintiff"), is an individual and resident of Cook County, Illinois, and a "consumer" as defined at 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant, Blatt, Hasenmiller, Leibsker, & Moore LLC ("Blatt") is a collection law firm headquartered in the city of Chicago, engaged as a "debt collector" as defined by and within the meaning of the FDCPA, § 1692a. Blatt is engaged in the business of collecting consumer debts in this State where it regularly collects or attempts to collect debts owed or due, or asserted to be owed or due another, and whose principal purpose is the collection of delinquent consumer debts using the mails and telephone.

5. Defendant, Palisades Acquisition XVI, LLC, ("Palisades") is a debt scavenger that specializes in buying portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which it then aggressively attempts to collect via collection law firms, such as Defendant Blatt. Palisades often has no documentary proof to support the validity of the debts it purchases, commonly referred to as "Zombie Debt".

6. Palisades is a Delaware limited liability company headquartered in New Jersey, engaged in the business of collecting debts from consumers, including Illinois consumers. In fact, Palisades was acting as a debt collector as defined by and within the meaning of the FDCPA, § 1692a, as to the delinquent consumer debt it attempted to collect from Plaintiff.

**FACTS COMMON TO ALL COUNTS**

7. At some time in or around the year 1999, Plaintiff incurred a Discover credit card debt under account # 6011298784985420 for personal, family and/or household purposes, and thus Plaintiff incurred a debt ("alleged debt") as that term is understood under § 1692a(5).

8. Due to financial difficulties, Plaintiff could not afford to pay the alleged debt, and it thereafter went into default.

9. The alleged debt was thereafter assigned to Blatt for the purpose of collection from the Plaintiff.

10. On or around June 24, 2010, Defendant Blatt sent a collection letter to Plaintiff stating in part that Palisades is the "Creditor" for an account identified by account # 6011298784985420, for the amount of $5983.33. (Exhibit A, Letter from Blatt dated June 24, 2010).

11. On or around July 7, 2010, Plaintiff caused to be transmitted a letter to Blatt, which Blatt received, stating that Plaintiff disputes owing the alleged debt, stating also to "not contact me anymore." (Exhibit B, Letter from Plaintiff to Blatt dated July 7, 2010).

12. Thereafter, on or around February 8, 2011, Blatt sent Plaintiff a second letter attempting to collect the alleged debt, stating in part that Plaintiff owed $6232.38 on the alleged debt, and offering settlement on the alleged debt. (Exhibit C, Letter from Blatt dated February 8, 2011).

13. Blatt sent its letter dated February 8, 2011 to the Plaintiff despite being informed by Plaintiff in writing, on July 7, 2010, to cease contact with him.

14. On February 22, 2011, Plaintiff caused to be transmitted a letter to Palisades, which Palisades received, requesting a copy of the assignment necessary to show that Palisades owned the debt it was attempting to collect from Plaintiff through Defendant Blatt. (Exhibit D, Letter from Plaintiff to Palisades dated February 22, 2011).

15. To date, Palisades has not provided Plaintiff with a copy of the assignment that Plaintiff had requested via written letter on February 22, 2011.

16. Plaintiff does not owe the alleged debt in the amount sought to be collected by Defendants, and there is no agreement between Plaintiff and Defendants that authorizes the collection of the alleged debt, in the amount sought by Defendants, from the Plaintiff.

17. Notably, the Illinois Appellate Court has recently criticized the missteps made by Blatt in its attempts to collect a debt in *Capital One Bank, N.A. v. Czekala*, 379 Ill.App.3d 737, 884 N.E.2d 1205 (2008), and made the following comments as to Blatt's collection practices:

> We are troubled by the errors in this case which are directly attributable to the law firm representing plaintiff. *** Plaintiff's counsel attributed the variations due to the high volume electronic nature of the law firm's practice. **Being too busy to be careful is not a valid excuse** for the procedural difficulties apparent from this record that are attributable to the actions of counsel, not the court.
>
> *Capital One Bank, N.A. v. Czekala*, 379 Ill.App.3d 737, 884 N.E.2d at 1215, (emphasis added).

18. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I-FAIR DEBT COLLECTION PRACTICES ACT-DEFENDANTS BLATT and PALISADES ACQUISITION XVI

19. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

20. Defendants' violations of the FDCPA include, but are not limited to:

   A. Defendants violated § 1692d by continuing to attempt to collect the alleged debt, via letter sent to the Plaintiff, after Plaintiff had

        requested in writing that Defendants cease all contacts with Plaintiff;

B.    Defendants violated § 1692d by oppressively attempting to collect a debt from Plaintiff in an amount beyond which he owes;

C.    Defendants violated § 1692e by deceptively continuing to attempt to collect the alleged debt, via letter sent to the Plaintiff, after Plaintiff had requested in writing that Defendants cease all contacts with Plaintiff, at a time that such contact was not allowed;

D.    Defendants violated § 1692e by falsely representing that Plaintiff owed the alleged debt in an amount more than he owes;

E.    Defendants violated § 1692e(2) by falsely representing the amount of the alleged debt;

F.    Defendants violated § 1692e(10) by deceptively continuing to attempt to collect the alleged debt, via letter sent to the Plaintiff, after Plaintiff had requested in writing that Defendants cease all contacts with Plaintiff, at a time that such contact was not allowed;

G.    Defendants violated § 1692f when it unfairly attempted to continue to attempt to collect the alleged debt, via letter sent to the Plaintiff, after Plaintiff had requested in writing that Defendants cease all contacts with Plaintiff;

21.    As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, actual damages, costs and reasonable attorney fees.

## REQUEST FOR RELIEF-FDCPA

WHEREFORE, Plaintiff requests that judgment be entered in his favor against the Defendants for the count alleged above for:

A.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

B.    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

C.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

D.    Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

By: /s/ Mario Kris Kasalo
Mario Kris Kasalo

**The Law Office of M. Kris Kasalo, Ltd.**
**"A Consumer Protection Law Firm"**
111 East Wacker Drive, Suite 555
Chicago, Illinois 60601
tele 773.847.2600
fax 773.847.0330
mario.kasalo@kasalolaw.com